IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE | ) | |
| COMPANY, a corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.10-346 |
| | ) | |
| PRAYER TABERNACLE | ) | |
| EARLY CHURCH OF JESUS | ) | |
| CHRIST NUMBER 1, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATORY JUDGMENT ACTION

COMES NOW the plaintiff, Scottsdale Insurance Company ("Scottsdale"), a corporation, and shows unto the Court as follows:

1.     Plaintiff, Scottsdale, is an insurance company incorporated and organized under the laws of the State of Ohio, with its principal place of business in the State of Ohio.  Scottsdale is not incorporated or organized in, and does not have its principal place of business in the State of Alabama.  Plaintiff is an Ohio Corporation.  Plaintiff is an Excess & Surplus Lines Insurance Carrier doing business in the State of Alabama.

2.     Defendant, Prayer Tabernacle Church Early Church of Christ Number 1, Inc. ("Prayer Tabernacle") is an Alabama corporation with its principal place of business in Mobile County, Alabama.  Defendant is not organized or incorporated in the State of Ohio.

3.     The matter in controversy exceeds, exclusive of interest and costs, the sum of

Seventy-five Thousand and 00/100 dollars ($75,000). The Plaintiff and Defendants are corporations incorporated in different states. Jurisdiction is predicated upon diversity of citizenship and the amount in controversy pursuant to §28 U.S.C. 1332.

4.      On or about July 22, 2003, plaintiff issued to the defendant, Prayer Tabernacle, its policy of insurance number CPS0580524, by which the plaintiff agreed to pay certain losses (up to the amount of the policy limits of said policy of insurance) resulting from all property damages to which this insurance applies. A certified copy of said policy is attached hereto as Exhibit "A" and made a part hereof as though fully set out herein.

5.      On or about September 20, 2004 a claim for damage arising from Hurricane Ivan was reported to Scottsdale. The loss was adjusted, and a net claim payment of $6,753.23 was paid.

6.      On or about September 2, 2005 a claim for damage arising from Hurricane Katrina was reported to Scottsdale. The loss was adjusted, and a net claim payment of $33,036.77 was paid.

7.      On or about August 6, 2009 Scottsdale received a letter of representation, supplemented claims, and demand for Appraisal from Defendant's attorney. An estimate in the amount of $257,404.91 accompanied the letter. The loss date stated in the letter was September 24, 2004. Hurricane Ivan actually made landfall September 19, 2004. (See Exhibit 19 of EUO).

8.      As a part of the claim investigation process the insured (Prayer Tabernacle) was required to submit to an examination under oath ("EUO"). Cornelius W. Woods ("Woods") was chosen by Prayer Tabernacle to be its representative and person most knowledgeable for the purposes of the EUO. Woods and Prayer Tabernacle were requested to bring with them to the EUO documents to support their claim. (See Exhibit 1 of EUO).

9.      During the EUO, Mr. Woods introduced several pieces of documentation to support

2

Prayer Tabernacle's claim of loss.   These documents include: a receipt from Jenkins Organ for $3,940 (See Exhibit 14 of EUO); an invoice from Serve Pro dated September 2005 for removal of mold, clean carpet, and water damage in the amount of $4,619.42 (See Exhibit 15 of EUO); a receipt from Fiberglass Unlimited for repairs to the steeple for $11,400 (See Exhibit 16 of EUO); a receipt from Genesis Roofing for $10, 480 (See Exhibit 17 of EUO); and a receipt for removal of benches and pews (See Exhibit 18 of EUO).  Woods testified that these documents are authentic receipts and that the church paid them.  Woods also stated that he had an estimate after Hurricane Katrina from Harold Brown Construction Company to repair the church for $197,000, but cannot find any documentation relating to the estimate.

10.   Serve Pro and Fiberglass Unlimited both state that they have no record of ever performing work for Prayer Tabernacle.  Serve Pro and Fiberglass Unlimited both maintain that the documents produced by Prayer Tabernacle are not authentic and that they were never paid any money by Prayer Tabernacle.

11.   During Mr. Woods EUO he admitted that the five receipts he produced is the only documentation that supports his claim.

## POLICY PROVISIONS

12.   Scottsdale Insurance Company is an insurance company that from 12:01 a.m. July 22, 2003 to 12:01 a.m. July 22, 2005 had in force a Scottsdale Insurance Company Commercial policy which provided certain insurance coverage, as defined and limited by the policy, against physical loss of or damage to covered property at the premises described in the declarations caused by or resulting from any covered cause or loss, except as excluded.  This Commercial Policy coverage contained a number of limitations, exclusions, conditions, and terms.  Attached as

3

Exhibit(A) to the Complaint for Declaratory Judgment and Relief is a true and correct copy of the applicable Commercial Insurance Policy (CPS0580524) issued to Prayer Tabernacle for the policy term 12:01 a.m. July 22, 2003 to 12:01 a.m. July 22, 2004 and renewed for the policy term 12:01 a.m. July 22, 2004 to 12:01 a.m. July 22, 2005, and Commercial Insurance Policy (CPS0724290) issued to Prayer Tabernacle for the policy term 12:01 a.m. July 22, 2005 to 12:01 a.m. July 22, 2006. The entire contents of this policy are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

13.     The Loss Conditions under the Commercial Property coverage states as follows:

Building and Commercial Property Coverage Form

E.     Loss Conditions

3.     Duties In The Event Of Loss Or Damage

a.     You must see that the following are done in the event of loss or damage to Covered Property:

1.     Notify the police if a law may have been broken.

2.     Give us prompt notice of the loss or damage.  Include a description of the property involved.

3.     As soon as possible, give us a description of how, when and where the loss or damage occurred.

. . .

8.     Cooperate with us in the investigation or settlement of the claim.

b.     We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records.  In the event of an examination, an insured's answers must be signed.

14.     The Commercial Property coverage is subject to the following conditions:

4

Commercial Property Conditions

      A.     CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at anytime.  It is also void if you or any other insured, at anytime, intentionally conceal or misrepresent a material fact concerning:

1.     This Coverage Part;

2.     The Covered Property;

3.     Your interest in the Covered Property; or

4.     A claim under this Coverage Part.

15.     It is Scottsdale's contention and position that its policy of insurance issued to Prayer Tabernacle (Exhibit A) is void because of the intentional material representation made by Mr. Woods when he submitted false receipts during his EUO, and said answers and documentation were known to be false at the time they were made, and were made with the intent to conceal or misrepresent material facts or circumstances relating to this insurance and are evidence of fraud which voids the policy, and that no coverage exists for the supplemental claim or any claims related to Hurricanes Ivan or Katrina.

16.     The Alabama Supreme Court has held that § 27-14-28 of the Code of Alabama is a clear statutory expression of public policy of this state that, where an insured materially misrepresents to an insurer the proof of his loss with an intent to deceive, the insurer need not honor, and pay pursuant to, the contract of insurance. *Ex parte State Farm Fire and Cas. Co.*, 523 So.2d 119 (Ala. 1988).  Also according to case law, an insurance company is entitled to require an insured to submit to an examination under oath as part of its claims investigation process.  *Payne v. Nationwide Mut. Ins. Co.*, 456 So. 2d 34, 37 (Ala. 1984).

WHEREFORE, PREMISES CONSIDERED, Scottsdale Insurance Company prays:

a.      That this court will take jurisdiction of this action and will issue its process making defendants herein party hereto and requiring them to appear and answer plaintiff's complaint for declaratory judgment within the time required by law, or suffer default.

b.      That this court will find that there exists a justiciable controversy between and among the parties hereto which ought to be settled; and

c.      THAT THE COURT WILL, UPON A FINAL HEARING, enter a judgment or decree declaring that the policy issued by Scottsdale Insurance Company is void and/or that no coverage exists for any supplemental Hurricane Ivan or Katrina claims due to the intentional material misrepresentations made by Prayer Tabernacle concerning the covered property.  If plaintiff be mistaken in any of the relief herein specifically prayed for, plaintiff prays that the Court will grant it such other, further, different, specific or general relief to which it may be entitled in the premises.

Respectfully submitted,


*/s/ Mark A. Newell*
MARK A. NEWELL (NEWEM3180)
Attorney for Plaintiff
Scottsdale Insurance Company
mnewell@mastersonnewell.com

OF COUNSEL:

MASTERSON & NEWELL, L.L.C.
Post Office Box 2067
Mobile, Alabama 36652
(251) 441-9955

6